IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES A. LEDBETTER, #159 226,     )
                                    )
    Plaintiff,              )
                                    )
    v.                    )  CIVIL ACTION NO. 2:19-CV-641-ALB
                                    )          [WO]
THE PARDON AND PAROLE       )
BOARD, *et al.*,             )
                                    )
    Defendants.           )

## RECOMMENDATION OF THE MATISTRATE JUDGE

## I.  INTRODUCTION

Plaintiff James Ledbetter, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, files this *pro se* action under 42 U.S.C. § 1983. He alleges a violation of his constitutional rights stemming from adverse parole decisions causing his continued incarceration. Named as defendants are the Alabama Board of Pardons and Parole and Parole Board members Lynn Head and Eddie Cook. Ledbetter requests the Parole Board be ordered to reinstate his parole for the alleged violations of his constitutional rights.  Doc. 1 at 2–4.

Upon review, the undersigned concludes this case is due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1]This court granted Ledbetter leave to proceed *in forma pauperis* in this cause of action.  Doc. 5.  Thus, the court is obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## II.  DISCUSSION

Ledbetter challenges Defendants' decision to deny him parole by claiming they improperly set him off from parole twice for the same technical parole violation. For a technical parole violation Ledbetter contends he should have served only forty-two days through the Parole Board's dunk program.[2]  The actions of Defendants, Ledbetter claims, violated his Fifth Amendment rights and his right against double jeopardy.[3] Ledbetter seeks reinstatement on parole.  To the extent Ledbetter maintains Defendants' conduct has resulted in his illegal confinement for which he seeks parole reinstatement, such claim currently provides no basis on which relief may be granted.  *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

[2]  The operating rules for the Alabama Board of Pardons and Paroles regarding parole violations provides, in part:

> 1. A parole officer who has received information indicating that a parolee under his/her supervision may have violated a condition of parole should investigate the alleged violation in a timely manner. The thoroughness of the investigation shall be proportionate to the seriousness of the alleged violation. The parole officer should make a preliminary determination of the seriousness of the charges. Appropriate violation responses should be used or recommended by the supervising officer, including nonconfinement-based, as well as confinement-based sanctions, based on the Board's Supervision Response Matrix. If the parole officer believes no further action is required, he/she may report the investigation in the "Notice of Violation" format to Field Services.
> . . .
>
> 5. Alabama law limits the time in confinement to be imposed by the Board on all parole violations to three, 45-day periods (or "dunks") before the Board may impose a full revocation, unless the parole violator's current offense is a violent Class A or sex offense or if the violation charge(s) involve(s) an arrest, new conviction, or absconding. The Board may not exceed 3 "dunks." However, the Board holds authority to directly impose unlimited short periods of confinement of up to three days ("dips").

*Available at http://www.pardons.state.al.us/PDFs/Operating_Rules.pdf* (last visited September 27, 2019).

[3] Regarding Ledbetter's double jeopardy claim, "[t]he denial of release on parole is not an additional punishment" for purposes of double jeopardy. *Olstad v. Collier*, 326 Fed. App'x. 261, 264-265 (5th Cir. 2009) (per curiam) (*citing Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 217-18 (5th Cir. 1976)) (holding that plaintiff's claim that "retraction of the use of his earned good time credits resulted in his repeated punishment for the same crime" was not a double jeopardy violation).

2

Applicable federal law establishes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481, *citing Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id* . at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed ." *Id*. at 649. Further, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Cook v. Baker, et al.*, 139 Fed. App'x 167, 169 (11th Cir. 2005) (advising

that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his

incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").

The principles espoused in *Heck* and *Balisok* apply to revocations and denials of parole.

*Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole);  *Littles v. Board of Pardons*

*and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Schafer v. Moore*, 46

F.3d 43, 44-45 (8th Cir. 1995) (denial of parole).  Ledbetter has not shown that the alleged adverse

actions of the Parole Board have been invalidated in an appropriate civil action.  Thus, the instant

collateral attack on the adverse actions by the Parole Board is prohibited by *Heck* and *Balisok*.

Based on the foregoing, the court concludes Ledbetter presently has no cause of action under §

1983 regarding claims challenging the validity of his confinement arising from an adverse parole

decision for which he seeks reinstatement on parole and these claims are therefore due to be

dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this complaint

be DISMISSED without prejudice prior to service under 28 U.S.C. § 1915(e)(2)(B)(ii) as

Plaintiff's claims provide no basis for relief at this time.

It is

ORDERED that **on or before October 15, 2019**, Plaintiff may file an objection to the

Recommendation.  Plaintiff must specifically identify the factual findings and legal conclusions in

the Recommendation to which each objection is made. Frivolous, conclusive, or general objections

---

[4]Before a claim challenging the fact of an inmate's confinement may be heard in federal court, the inmate must first exhaust available state court remedies.  *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982).  The law is settled that an inmate cannot proceed on such a claim in a 42 U.S.C. § 1983 action so as to avert the exhaustion requirements attendant to habeas actions. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980).

will not be considered by the court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 1st day of October 2019.

　　　　　　　　　　　　　/s/  Charles S. Coody
　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE